CARLOS R. ROSSI, Plaintiff and Appellee, *v.* MANUEL V. DOMENECH, substituted by R. SANCHO BONET, TREASURER OF PUERTO RICO, Defendant and Appellant.

No. 7539. Argued June 14, 1938.—Decided July 13, 1938.

468

B. *Fernández García, Attorney General, R. Cordovés Arana* and *Manuel Rodríguez Ramos, Deputy Attorneys General,* for appellant. *Pablo Defendini* for appellee.

MR. JUSTICE WOLF delivered the opinion of the court.

The facts of this case appear from the following stipulation of the parties:

"I. That on March 6, 1933, the plaintiff supplied to the Insular Government as per contract, on warrant No. 7404 of the Bureau of Supplies, Printing and Transportation, to the said Government, 10 tons of 'straight 40% gelatin dynamite, in 1″ × 8″ sticks packed in cases containing *50 lbs. each,* manufactured by the Austin Powder Co., of Cleveland, Ohio; 30,000 No. 6 Blasting Caps and 5,000 Instantaneous Electric Blasting Caps with 8 feet wires', the value of the contract amounting to $5,146.62.

"II. That the Insular Government collected from the plaintiff 1% as excise tax upon the amount of said transaction, that is, $51.47, by virtue of subdivision 5, section 16, Act No. 85 of 1925, as amended by Act No. 17 of 1927.

"III. That on June 30, 1933, at the request of the defendant Manuel V. Domenech, then Treasurer of Puerto Rico, the plaintiff paid to the latter the sum of $514.66 as excise tax pursuant to the following section of the aforesaid Act:

" 'Section 16.—There shall be collected and paid, once only, an internal-revenue tax on each of the following articles:

" '35.—*Dynamite, Powder, Tapers and Fuses for Blasting Purposes.* On all dynamite, powder, tapers and fuses for blasting purposes, sold, transferred, used or consumed in Porto Rico, a tax of ten (10) per cent *ad valorem.'*

"IV.—That the sum stated in the foregoing paragraph, $514.66, was paid by the plaintiff to the defendant under protest on June 30, 1933, through the Collector of Internal Revenue of San Juan,

Mr. Lucas Giménez, and the Internal Revenue Agent, Mr. A. Hidalgo, as per enclosed vouchers.

"V.—That the materials supplied to the Government by the plaintiff as stated in paragraph I of the present stipulation were introduced by the plaintiff into this Island expressly to be sold to the Government."

The appellee obtained a judgment in the lower court whereby the Treasurer was ordered to return to him the $514.66, *supra,* with legal interest from the date of the filing of the complaint to its final payment, costs and $25.00 for attorney's fees. It is from that judgment that the Treasurer has appealed.

██ The only assignment of error attacked the correctness of all the terms of the judgment. The provisions of law involved in this controversy are as follows:

"Section 16. There shall be collected and paid, once only, an internal revenue tax on each of the following articles:

"1. * * * * * * *

"35. *Dynamite, Powder, Tapers and Fuses for Blasting Purposes.* On all dynamite, powder, tapers and fuses for blasting purposes, sold, transferred, used or consumed in Porto Rico, a tax of ten (10) per cent *ad valorem.*" Act No. 85 of 1925 (Session Laws, pp. 590, 602).

OTHER EXCISES

"1. * * * * * * *

"5. Contracts.—Any person obtaining contracts for the supply of any material, equipment, tools or machinery, or for the execution of any work, entered into with a Department of the Insular or municipal government, or with any organization dependent on the Insular or municipal government, or with any organization, board or commission created by the laws of Porto Rico, or with any official or employee in the service of the Insular or municipal government or before any official or member of an organization, board, or commission created by the laws of Porto Rico, shall pay an excise tax amounting to one (1) per cent of the amount of the contract; *Provided,* That if during the execution of this contract the amount thereof is increased, the contractor or furnisher shall likewise pay an additional tax equivalent to one (1) per cent of the increase obtained." Act

No. 17 of 1927, amending certain sections of Act No. 85 of 1925 (Laws of 1927, pp. 458, 472).

The appellant relies strongly on the word "introduced" which we have been unable to find in the corresponding volumes for 1925 and 1927 which contain the legislative enactments for those years. He argues that "introduction" into Puerto Rico is an entirely independent and separate transaction from "sale" or "contract" with the government. Assuming for the sake of argument that the word "introduced" appears in section 16, *supra,* we cannot agree with the appellant that its presence would obviate the difficulty. Any person making a contract with the government for the sale of materials not produced within the Island must deliver them and to do so he must "introduce" them into the Island and that was the intention and contract of the parties. The introduction was a necessary element to the performance of the contract.

Paragraph 35 of section 16, *supra,* provides for a variety of situations or acts, *one* of which only may be taxed. As the appellees says the contention of the appellant would justify a separate ad valorem tax on the "sale", "consumption", "use" or "introduction" of the article. This was not the intention of the Legislature.

Inasmuch as the Treasurer taxed the *contract,* and under the case of *West India Oil Co. v. Domenech, Treas.,* 49 P.R.R. 783, this court decided that the collection of such an excise tax excluded the possibility of taxing the "sale" as a separate transaction, we must conclude that the reasoning of that case is applicable to the present one. Both because the "introduction" formed part of the same transaction, and because the tax on the contract is equivalent to a tax on the "sale" which is one of the taxable situations provided under section 16, paragraph 35, *supra,* the judgment of the lower court must be affirmed.

Mr. Justice Travieso and Mr. Justice De Jesús took no part in the decision of this case.